IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **EMMITT JOHNSON,** § § § | |
| *Plaintiff,* § § | |
| v. § | Civil Action No. 4:17-CV-380 |
| § | |
| **JPMORGAN CHASE BANK, N.A. and** § | |
| **BARRETT DAFFFIN FRAPPIER** § | |
| **TURNER & ENGEL, LLP, LLP** § § § § | |
| *Defendants.* § | |

**DEFENDANT BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP'S
RULE 12(b)(6) MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant BARRETT DAFFFIN FRAPPIER TURNER & ENGEL, LLP ("Barrett Daffin"), files this Motion to Dismiss in response to Plaintiff's Original Petition to Enjoin and Restrain Foreclosure Sale, for Temporary and Permanent Injunctive Relief, and for Declaratory Relief ("Complaint") [Doc. 1-1]. In support of the foregoing, Barrett Daffin would respectfully show the Court the following:

**I.
SUMMARY**

1. Barrett Daffin was retained by the JPMorgan Chase Bank, N.A. ("JPMC") to assist in the foreclosure of certain real property commonly known as 2003 Darby Lane, Fresno, Texas 77545 ("Property") due to Emmitt Johnson's ("Plaintiff") failure to pay his residential mortgage as contractually agreed.

2. Plaintiff brought this, the most recent lawsuit in the line of multiple suits to prevent foreclosure of their Property.[1] However, no claims have been asserted against Barrett Daffin that arise out of any conduct other than Barrett Daffin's legal representation of its client, JPMC, in protecting JPMC's interest in the Property vis-à-vis the interest of Plaintiff. Plaintiff's petition is devoid of any specific actions taken by Barrett Daffin that would subject the law firm to liability for conduct outside of its scope of representation of JPMC in relation to the foreclosure of the Property.

3. Plaintiff has failed to assert any claims against Barrett Daffin that arise out of alleged conduct of Barrett Daffin outside of its capacity as legal counsel for JPMC. Given that attorneys are immune from suit by a client's adversary for the legal services provided to the client in the adversarial process, Barrett Daffin asserts that Plaintiff has failed to state any claim upon which relief can be granted against Barrett Daffin.

## II.
## STATEMENT OF FACTS

4. In December 2002, Plaintiff executed a note (the "Note") in favor of Washington Mutual Bank ("WAMU"), secured by a deed of trust ("Deed of Trust") in order to purchase or refinance and obligation on the Property.[2] Due to the default under the terms of the loan agreement, Barrettt Daffin was retained by JPMC to proceed with the non-judicial foreclosure of the Property. On multiple occasions, the Plaintiff filed suit to forestall the foreclosure and continued to reside in the Property while not paying the mortgage. See FN. 1. Plaintiff has once again filed suit against various parties seeking to prevent the foreclosure of the Property. Barrett

---

[1] *Emmitt Johnson v. Barrett Daffin Frappier Turner & Engel, LLP, et al.*; Civil Action No. 4:16-CV-00575 (S.D. Tex. 2016)(dismissed with prejudice as to all Defendants) pending appeal before Fifth Circuit, Case No. 17-20035 and *Emmitt Johnson v. JPMorgan Chase;* Civil Action No. 4:14-CV-01706 (S.D. Tex. 2014)(summary judgment granted for JPMorgan Chase).

[2] *See* generally Plaintiff's Complaint, Doc. 1-1.

Daffin is protected from liability by attorney immunity and even if the doctrine of immunity was not applicable herein, Plaintiff's suit fails to state a single viable cause of action against Barrett Daffin.

### III.
### ARGUMENT AND AUTHORITIES

**The Applicable Standard for a 12(B)(6) Motion.**

5. To survive a Rule 12(b)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 and 1966 n.5 (2007). Even though the complaint is to be construed liberally and in the light most favorable to the nonmoving party, a plaintiff must plead enough facts to state a claim that is at least plausible on its face. *Id.* at 1973-74. Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). A complaint must allege enough facts to move past possibility and on to plausibility of "entitlement to relief." *Id.* at 1966. This standard is referred to as the "flexible plausibility standard." *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

**Barrett Daffin is Immune from Suit.**

6. In general, attorneys are immune from suit by their client's adversaries for conduct undertaken in their capacity as attorneys. An attorney enjoys "qualified immunity," with respect to non-clients, for actions taken in connection with representing a client in adversarial circumstances. *See, e.g.*, *Butler v. Lilly*, 533 S.W.2d 130, 131-34 (Tex. Civ. App.—Houston [1st Dist.] 1976, writ dism'd). Dismissal under Rule 12(b)(6) is proper where the facts alleged by

Plaintiff, even if true, would not entitle Plaintiff to a legal recovery. *See Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 408 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (affirming trial court's dismissal of claims against attorney on ground that because of attorney's immunity from suit, plaintiff failed to allege a claim or plead a cause of action for which relief could be granted).

7. The doctrine of attorney immunity provides attorneys an opportunity to practice their profession, without a conflict between advocating zealously for their clients' best interests as deemed necessary and proper and their own personal exposure to liability from non-parties in the discharge of their duties within the scope of their client's representation. *Campbell v Mortgage Electronic Registration Systems Inc.*, 2012 WL 1839357, at *5-6 (Tex. App. – Austin, May 18, 2012, pet. denied.) (mem. op.) (Attorneys hired to assist a mortgage beneficiary in the non-judicial foreclosure of real property were immune from the borrowers' suit for wrongful foreclosure.) In simplest terms, attorneys have a right to "practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages." *See Kruegel v. Murphy*, 126 S.W. 343 (Tex. Civ. App.—Dallas 1910, writ ref'd).

8. Barrett Daffin is no stranger to being improperly joined in litigation given its role as foreclosure counsel on behalf of its mortgagee clients. The Fifth Circuit has affirmed multiple judgments dismissing Barrett Daffin from litigation in which Barrett Daffin was improperly joined in cases brought against the firm in connection with its legal defense of mortgagees, as is the case herein. *See e.g.*, *Lassberg v. Bank of America, N.A.*, 2016 WL 4446074 (5th Cir. August 23, 2016) (unpublished); *Trang v. Taylor Bean*, 2015 WL 78772 (5th Cir. January 7, 2015) (unpublished); *Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. Appx. 274 (5th Cir. June 6, 2014)

(unpublished);[3] *L'Amoreaux v. Wells Fargo Bank, N.A.*; 755 F.3d 748 (5th Cir. 2014);[4] and *Iqbal v. Bank of America, N.A.*, 559 Fed. Appx. 363, 364 (5th Cir. Mar. 18, 2014).[5]

9. Texas state courts have also specifically held that Barrett Daffin is protected from liability to claims (similar to Plaintiff's claims) as attorneys representing mortgagees in a non-judicial foreclosure proceeding are protected by attorney immunity. *See, e.g., Givens v. Midland Mortgage Co.*, 393 S.W.3d 876, 880 (Tex. App.—Dallas 2012, no pet.) (affirming summary judgment in favor of Barrett Daffin on attorney immunity); *see also Campbell v. Mortgage Elec. Registration Sys., Inc.*, 2012 WL 1839357 (Tex. App.—Austin May 18, 2012, pet. denied) (mem. op.) (holding that attorney's representation of mortgagee in non-judicial foreclosure is protected by attorney immunity).

10. Recently, the Texas Supreme Court spoke to the issue and held that "attorneys are immune from civil liability to non-clients 'for actions taken in connection with representing a client in litigation.'" *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) (quoting *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)). So long as an attorney's complained-of conduct was performed in the course

---

[3] In *Rojas v. Wells Fargo Bank, N.A.*, the Fifth Circuit held, Barrett Daffin Frappier Turner & Engel, L.L.P. was improperly joined because attorneys are generally immune from suits brought under Texas law against them by their adversaries if the action arises out of the duties involved in representing a client. *See Chapman Children's Trust* at 440-441; *Bradt* at 71-72. We have previously held that Barrett Daffin Frappier Turner & Engel, L.L.P. has immunity for its acts as foreclosure counsel. *See Iqbal* at *2.

[4] In *L'Amoreaux v. Wells Fargo Bank, N.A.*, the Fifth Circuit held with respect to Barrett Daffin, [T]he L'Amoreauxes must allege that Barrett Daffin knowingly made or presented a document that reflected a false lien or interest in the property. Here, aside from a single sentence in their complaint in which the L'Amoreauxes baldly assert that the defendants acted knowingly, there is no evidence to suggest that this is the case. *See Rios v. City of Del Rio*, Tex. 444 F.3d 417 420 (5th Cir. 2006)('[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."

[5] In *Iqbal v. Bank of America, N.A.*, the Fifth Circuit held, "Barrett Daffin Frappier Turner & Engel, L.L.P. was retained to assist in the foreclosure, and the actions complained of by the Iqbals are within the scope of their representation. The Iqbals argue that attorney immunity applies only in the litigation context, but that stance is not in line with Texas law." *Iqbal v. Bank of America, N.A*, 2014 WL 1017101, at *2 (5th Cir. Mar. 18, 2014) (unpublished)(citing *Campbell* at *5-6 (Tex.App. – Austin, May 18, 2012, pet. denied.).

and scope of his representation of his client and also required the office, professional training, skill, and authority of an attorney—immunity bars any and all claims against the attorney. *Byrd*, 467 S.W.3d at 481.

11. As illustrated above, Texas has a strong public policy of protecting attorneys form the claims of third parties in an effort to facilitate zealous legal representation. Barrett Daffin's conduct on behalf of JPMC does not expose Barrett Daffin to liability to a third parties such as Plaintiff. As such, Plaintiff has failed to assert any cause of action against Barrett Daffin upon which Plaintiff could conceptually obtain relief.

**Plaintiff Failed to State a Claim against Barrett Daffin**

### A. **Declaratory Relief**

12. Even if Plaintiff's claims were not barred by attorney immunity, Plaintiff's claim for declaratory judgment fail. Plaintiff's Complaint seeks declaratory judgment from Defendants regarding the ownership of the Note/ Deed of Trust and standing for foreclosure. [6] A declaratory judgment action is merely a vehicle that allows a party to obtain an 'early adjudication of an actual controversy' arising under other substantive law." *Capital One v. Swisher-35, Ltd.*, 2008 WL 4274499, at *2 (N.D. Tex. Sept. 17, 2008) (quoting *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990)). "In a declaratory judgment action, the controversy between the parties relates to the 'underlying cause of action of the defendant against the plaintiff.'" *Id*. Thus, the Declaratory Judgment Act can provide no relief to a plaintiff unless a justiciable controversy exists between the parties. *Kazmi v. BAC Home Loans Servicing, L.P.*, 2012 WL 629440, at *15 (E.D. Tex. Feb. 3, 2012) report and recommendation adopted, 2012 WL 629433 (E.D. Tex. Feb. 27, 2012), 517 Fed. Appx 228 (5th Cir. 2013) (per curiam) (unpublished).

---

[6] *See* Paragraphs 18-38, Plaintiff's Complaint, Doc. 1-1.

13. Plaintiff's complaint states "Plaintiff has named Defendant BDFTE as a party for the purposes of placing Defendant BDFTE on express and actual notice of this action and to further bind said Defendant to any rulings in this case." *See* Paragraph 4 of Plaintiff's Complaint [Doc. 1-1]. Other than this statement, Plaintiff alleges no specific cause of action against Defendant Barrett Daffin or any controversy that exists between Plaintiff and Barrett Daffin.

14. Plaintiff seeks declaratory relief against "Defendants" however only alleges that Defendant JPMC has "failed to demonstrate that is has any legal ownership interest in either the Note or DOT or legal standing to institute a foreclosure" and "Defendant JPM has further failed to provide documentation substantiating any right of said Defendant to conduct a foreclosure sale of the Property." *See* Paragraph 26 of Plaintiff's Complaint [Doc. 1-1]. Plaintiff's only mention of Defendant Barrett Daffin is in seeking an injunction prohibit Barrett Daffin from taking any action as to the Property. *See* Paragraph 27 of Plaintiff's Complaint [Doc. 1-1].

15. As foreclosure counsel for JPMC, Defendant Barrett Daffin's authority to proceed with its representation in the foreclosure proceedings depends on the rights and status of its client's interest as to the Property. Barrett Daffin's relationship to the Property is solely as counsel for the mortgagee and mortgage servicer. Plaintiff has pled no facts or allegations against Barrett Daffin which would remove Barrett Daffin from the protection provided it by the attorney immunity doctrine. Plaintiff has failed to state a claim against Barrett Daffin, therefore no actual controversy exists between Plaintiff and Barrett Daffin. Accordingly, dismissal of Plaintiff's request for declaratory relief pursuant to Rule 12(b)(6) is proper.

### Injunctive Relief

16. Plaintiff's request for injunctive relief should be dismissed because it is a remedy, not a cause of action. Under Texas law, a request for injunctive relief, absent a cause of action

supporting entry of a judgment, is fatally defective and does not state a claim. *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (holding that injunctive relief requires that the plaintiff first plead a viable underlying cause of action)). As set forth above, Plaintiff has failed to adequately plead any cause of action against Barrett Daffin which should not be dismissed. Therefore, dismissal of Plaintiff's request for injunctive relief pursuant to Rule 12(b)(6) is proper.

## CONCLUSION

17. The Court should deny the Plaintiff an opportunity to amend because any amendment to their pleadings would be futile. *See SB. Intern., v. Jindal,* 2007 WL 2410007, * at 3 (N.D. Tex. Aug. 23, 2007)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Abruzzo v. PNC Bank, N.A.,* 2012 WL 3200871, at *3 (N.D. Tex. July 30, 2012) (denying leave to amend with respect to claims that fail as a matter of law). Plaintiff's allegations do not give rise to a plausible cause of action against Barrett Daffin as qualified attorney immunity protects it from liability. Even if all facts alleged by Plaintiff are assumed true, no viable cause of action exists against Barrett Daffin as Plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. As such, Plaintiff's claims against Barrett Daffin should be dismissed with prejudice pursuant to Rule 12(b)(6).

## PRAYER

Pursuant the reasons set out herein, Barrett Daffin respectfully request that the Court dismiss Plaintiff's Complaint against it for failure to state a claim upon which relief can be granted and further requests that the Court grant it any and all additional relief, whether at law or in equity, to which it may be justly entitled.

**HOPKINS LAW, PLLC**

By:    */s/ Mark D. Hopkins*
       Mark D. Hopkins, *Attorney in Charge*
       State Bar No. 00793975
       Southern District ID No. 20322
       Shelley L. Hopkins
       State Bar No. 24036497
       Southern District ID No. 926469
       3809 Juniper Trace, Suite 101
       Austin, Texas 78738
       (512) 600-4320
       (512) 600-4326 Fax
       mark@hopkinslawtexas.com
       shelley@hopkinslawtexas.com

       ATTORNEYS FOR BARRETT DAFFIN
       FRAPPIER TURNER & ENGEL, LLP

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 21st day of February 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

**VIA ECF**
J. Derick Winfrey
WINFREY LAW FIRM, PLLC
13121 Louetta Road #350
Cypress, Texas 77429

**VIA ECF**
W. Jeff Barnes
W.J. Barnes, P.A.
1515 No. Federal Hwy., Suite 300
Boca Raton, Florida 33432

**VIA ECF**
Wm. Lance Lewis
Marcie L. Schout
QUILLING, SELANDER, LOWNDS,
WINSLETT&MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

                */s/ Mark D. Hopkins*
                Mark D. Hopkins